

Alexander Kaplan
461 Fifth Avenue, 19th Floor
New York, NY
Tel. 212.951.1105
alex@oandzlaw.com

**VIA CM/ECF**

September 18, 2025

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Gastineau v. ESPN Inc., et al.*, Case No. 1:25-CV-02041-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

    We write on behalf of Defendants in the above-captioned action. Given the pendency of Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6) (the "Motion to Dismiss" or "Motion"), ECF 32, Defendants respectfully request that the Court stay discovery until the Court rules on the Motion. Defendants believe their Motion is well-founded and should result in the dismissal of Plaintiff's claims in their entirety. Accordingly, a stay would be in the interest of judicial economy and "avoid the need for costly and time-consuming discovery." *Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc.,* No. 09 Civ 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). *See also Granda v. Trujillo,* No. 18 CIV. 3949 (PAE), Dkt. 20 (S.D.N.Y. June 29, 2018) (staying discovery pending resolution of motion to dismiss). Plaintiff does not consent to this request.

## PROCEDURAL BACKGROUND

    Plaintiff filed this case on March 11, 2025, ECF 1. After Defendants moved to dismiss the original Complaint, Plaintiff filed an Amended Complaint on June 13, 2025. ECF 20. Because the Amended Complaint did not materially change Plaintiff's allegations, Defendants again moved to dismiss on July 3, 2025, and the motion was fully briefed as of September 11, 2025. ECF 32, 36, 37. No discovery requests have been served by the parties.

## LEGAL ARGUMENT

    It is "well-settled" that the Court has "considerable discretion" to stay discovery pending a motion to dismiss upon a showing of good cause. *Honeywell*, 2009 WL 2777076, at *1. In considering whether there is good cause for such a stay, the Court must consider "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted). *See also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,

297 F.R.D. 69, 72 (S.D.N.Y. 2013) (staying discovery). All factors weigh in favor of a discovery stay here.

*First*, Plaintiff's claims fail on a variety of well-founded and independent grounds, and Defendants' Motion is likely to dispose of all of Plaintiff's claims, both of which weigh heavily in favor of staying discovery. *See Miller*, 2020 WL 7483945, at *2–5 (staying discovery where dismissal argument was "well-founded in the law . . . . [and] weigh[ed] in favor of granting a stay") (internal citation omitted); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 CIV. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (strength of multiple and "potentially dispositive" arguments support stay of discovery).

As set forth in Defendants' Motion, fundamentally, Plaintiff fails to state any claims because he granted Defendants the right to use his name, image, and likeness in connection with the documentary at the heart of this dispute, and the First Amendment protects the content of the documentary from Plaintiff's attacks. ECF 32 at 7–22. Additionally, Defendants have asserted *multiple* other grounds on which to dismiss each of Plaintiff's claims. For example, Plaintiff's right of publicity claim should also be dismissed because (i) the "newsworthiness" exception exempts Defendants' use of Plaintiff's name and likeness from N.Y. Civ. R. L. § 51, and (ii) his claim is preempted by the Copyright Act. *See* ECF 32 §§ II.B & IV. Plaintiff's Lanham Act and unfair competition claims separately warrant dismissal because Plaintiff failed to plead key elements of both claims. *See id.* at § III. Plaintiff's claims against defendants Ken Weiner and James Rodgers also fail for multiple reasons—because the exercise of personal jurisdiction over Weiner and Rodgers is improper; the Complaint lacks specific allegations against them; and Plaintiff failed to timely serve them with the summons and Complaint. *Id.* at § V.

These grounds for dismissal are strong enough to warrant a stay of discovery pending the resolution of a potentially dispositive motion. Where Defendants have articulated "multiple, independent arguments for dismissal" that are well-founded in the law, there is good cause to stay discovery. *Honeywell*, 2009 WL 2777076, at *1. *See also Niv v. Hilton Hotels Corp.*, No. 06 CIV. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (stay appropriate where arguments "appear[] not to be unfounded in the law").

*Second*, requiring Defendants to respond to any discovery at this point would be unduly burdensome given the potential for dismissal of Plaintiff's entire case. There are four separate defendant groups that may be required to respond to written discovery requests as well as requests for documents. At this early stage, "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). "Further, even if the Court dismisses some of Plaintiffs' claims, the scope of discovery will be narrowed." *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-07755 (VEC), 2019 WL 6912282, at *3 (S.D.N.Y. Dec. 19, 2019). This factor also weighs in favor of a stay.

*Third*, there will be no prejudice to Plaintiff by a stay of discovery at this early stage of litigation, where none of the parties have yet served any discovery requests. At most, a stay would delay the commencement of discovery "for only a few months . . . [and] will therefore not prejudice the Plaintiff to any degree." *Honeywell*, 2009 WL 2777076, at *1. In any case, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will

3

neither substantially nor unduly delay the action, should it continue." *Spencer*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting *Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). This factor also weighs in favor of a stay.

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending the resolution of Defendant's Motion to Dismiss.

Respectfully submitted,

 */s/ Alexander Kaplan*
Alexander Kaplan


cc:     All Counsel of Record