# THE CASSAR LAW FIRM, P.C.

**13 East Carver Street**
**Huntington Village, New York 11743**
**Telephone (631) 271-6596**
**Facsimile (631) 351-0196**
cjcassar@cassarlaw.com

*Christopher J. Cassar, Esq.†\**
*Pierre Bazile, Esq.\**

<u>*Nassau County Office*</u>:
*1205 Franklin Ave # 150*
*Garden City, NY 11530*
*(Appointment Only)*
*(Not for Service of Papers)*

---

† ADMITTED IN THE U.S. COURT OF APPEALS FOR THE SECOND CIRCUIT
  AND THE EASTERN, SOUTHERN & NORTHERN U.S. DISTRICT COURTS OF NEW YORK
\* ADMITTED IN THE EASTERN & SOUTHERN U.S. DISTRICT COURTS OF NEW YORK

September 23, 2025

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                          Re: Gastineau v. ESPN Inc., et al.,
                          Case No. 1:25-CV-02041-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

      Please accept this letter in opposition to Defendants' motion to stay discovery pending the resolution of their Motion to Dismiss. For the reasons set forth below, we respectfully request that the Court deny Defendants' request for a stay.

### Statement of Facts

      The "Project" as defined in the "Talent Agreement" included the "Services" of the Plaintiff which involved "sit-down" interviews scheduled for January 25, 2024 and January 26, 2024 and a filming session at the New York Stock Exchange (the "NYSE Shoot") scheduled April 13, 2024. The "Project" as defined in the "Talent Agreement" did not include the use of the Plaintiff's name, portrait, picture, likeness or voice from the November 18, 2023 encounter between Mark Gastineau and Brett Favre at a Chicago Sports Show.

### Legal standard

      In Khan v. New York City, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024), the court recognized that "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for

September 23, 2025

Hon. Paul A. Engelmayer
Page 2

counsel, and for litigants.'" Salese v. JP Morgan Chase & Co., No. 23-CV-153 (GRB) (JMW), 2023 WL 5047890, at *1 (E.D.N.Y. Aug. 8, 2023) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

    In Khan v. New York City, the court observed that a "motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013); see Thomas v. Amazon.com Servs., LLC, No. 23-CV-1271 (JAM), 2024 WL 3706844, at *3 (E.D.N.Y. Apr. 15, 2024) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (citation omitted). Instead, Fed. R. Civ. P. 26(c)(1) allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Gross v. Madison Square Garden Ent. Corp., No. 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citations omitted).

    In Khan v. New York City, the court stated that "[t]o that end, if a party makes 'a showing of good cause' the Court may, in its discretion, stay discovery under Fed. R. Civ. P. 26(c). O'Sullivan v. Deutsche Bank AG, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018).

    In Khan v. New York City, the court ruled that "[t]his mandate of a showing of good cause is critically important" because of the Court's obligation 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" Jakob v. JPMorgan Chase Bank, N.A., No. 22-CV-03921 (HG), 2023 WL 2386395, at *1 (E.D.N.Y. Mar. 7, 2023) (citing, inter alia, Fed. R. Civ. P. 1).

    In Khan v. New York City, the court recognized that "[i]n determining whether there is good cause to grant a stay of discovery, the court "must look to the particular circumstances and posture of each case." Alford v. City of New York, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted).

    In Khan v. New York City, the court identified "[t]he relevant factors for the court to consider include: '(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay[;] (4) the nature and complexity of the action; and (5) the posture of the litigation.'" Jakob, 2023 WL 2386395, at *1 (citation omitted); see also Amron v. 3M Minnesota Mining & Manufacturing Company, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) ("In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth

September 23, 2025

Hon. Paul A. Engelmayer
Page 3

of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." (citation and quotation marks omitted)).

In Khan v. New York City, the court stated that "[w]hile various district courts debate which of the stay factors is the most important, 'there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion.'" OV Loop, Inc. v. Mastercard Inc., No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023) (citation omitted). "These three factors are nonexclusive, and *335 ultimately the overarching consideration of the circumstances in their totality governs." Id. (citations and quotation marks omitted). "The burden is on the movant to establish that a stay is warranted." Nike, Inc. v. Lululemon USA Inc., No. 22-CV-00082 (RA) (OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (citation omitted).

The Defendants have failed to demonstrate good cause to stay all discovery pending resolution of their motion to dismiss.

**There is no good cause to stay all discovery**

The Defendants' fail to present "substantial arguments for dismissal." O'Sullivan, 2018 WL 1989585, at *4. In Khan v. New York City, the court ruled that "[a] stay of discovery is generally appropriate only when 'there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive,' such as challenges to the Court's jurisdiction."

Defendants have not made a compelling case that Plaintiff's claims are unmeritorious. While Defendants assert that Plaintiff granted them rights to use his name, image, and likeness, this is a factual dispute that requires discovery to resolve. The mere assertion of defenses such as the First Amendment or the "newsworthiness" exception does not suffice to demonstrate that Plaintiff's claims lack merit at this stage. Courts have consistently held that discovery should not be stayed merely because a motion to dismiss is pending, especially when the motion is not clearly dispositive of all claims.

As in Khan v. New York City, the "Defendants' concerns about the burden of discovery are not persuasive" and "[a]s the party seeking the stay, Defendants 'bear[ ] the burden of showing specifically how responding to discovery would be prejudicial.'" Thomas v. L. Offs. of Steven Cohen, LLC, No. 23-CV-6453 (EAW) (MJP), 2024 WL 21547, at *4 (W.D.N.Y. Jan. 2, 2024).

The Defendants primarily objection is that "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources." The Defendants concerns are conclusory without any factual support.

September 23, 2025

Hon. Paul A. Engelmayer
Page 4

  Defendants claim that responding to discovery would be burdensome due to the potential dismissal of the case. However, this argument is speculative and does not constitute good cause for a stay. The Federal Rules of Civil Procedure are designed to allow for discovery to proceed unless there is a clear and convincing reason to halt it. The potential narrowing of issues through discovery can actually facilitate a more efficient resolution of the case, rather than burdening the parties.

  As in Khan v. New York City, the "Plaintiff would suffer prejudice from a stay, as it would delay his ability to gather relevant evidence needed to prosecute his claims effectively." See Veeraswamy, 347 F.R.D. at 606 (finding that "[d]efendant would likely suffer prejudice were discovery to be stayed" because she "would be unable to make the necessary inquiries to obtain the relevant information she may need to effectively litigate the claims brought against her by the Government"); Califano v. Roman Cath. Diocese of Rockville Ctr., New York, No. 24-CV-04346 (AMD) (JMW), 751 F.Supp.3d 42, 55 (E.D.N.Y. Sept. 24, 2024) (denying motion to stay and finding that prejudice existed because "discovery is necessary to proceed with this case").

  A stay of discovery would unfairly prejudice Plaintiff by delaying the resolution of this matter. Discovery is essential for Plaintiff to gather evidence to support his claims, particularly in light of Defendants' factual assertions regarding consent and the applicability of legal exceptions. Delaying discovery would hinder Plaintiff's ability to effectively prosecute his case and could lead to the loss of evidence over time.

  Contrary to Defendants' assertion, judicial economy is not served by staying discovery. Allowing discovery to proceed can clarify the issues and potentially lead to settlement or a more focused trial, thereby conserving judicial resources. The Court's discretion to stay discovery should be exercised sparingly and only when truly warranted, which is not the case here.

  For these reasons, we respectfully request that the Court deny Defendants' motion to stay discovery. Thank you for your time and consideration in this matter.

Very truly yours,

*Christopher J. Cassar, Esq.*
Christopher J. Cassar, Esq.

CJC/cr