UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK GASTINEAU,

                              Plaintiff,

             -v-

ESPN INC., ESPN FILMS,
NFL PRODUCTIONS LLC,
NATIONAL FOOTBALL LEAGUE,
JAMES WEINER, *and* KEN RODGERS,

                              Defendants.

25 Civ. 2041 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendants ESPN Inc., ESPN Films, NFL Productions LLC, the National Football League ("NFL"), James Weiner, and Ken Rogers have moved to dismiss the amended complaint of plaintiff Mark Gastineau, the former New York Jets defensive end. Dkts. 31–32. They now ask the Court to stay discovery, pending resolution of that motion. Dkt. 38. Gastineau opposes a stay. Dkt. 40. For the reasons that follow, the Court stays discovery pending resolution of the motion to dismiss.

**I.    Background**

The Court assumes familiarity with the background of this case, in which Gastineau brings federal and state-law claims arising from defendants' alleged dissemination of a video of an angry encounter between himself and Brett Favre, the former NFL quarterback, during the 2023 Chicago Sports Spectacular.

On March 11, 2025, Gastineau filed the original complaint. Dkt. 1. On June 13, 2025, after defendants moved to dismiss, Gastineau filed an amended complaint, claiming violations of the Lanham Act and New York Civil Rights Law §§ 50 and 51, and alleging breach of contract

and common law unfair competition. Dkt. 20 (the "AC") ¶¶ 70–110. On July 3, 2025, defendants moved to dismiss the AC. Dkts. 31–32. On August 11, 2025, after an extension, Gastineau opposed. Dkt. 36. On September 11, 2025, defendants replied. Dkt. 37.

On September 18, 2025, defendants moved for a stay of discovery, pending adjudication of the motion to dismiss. Dkt. 38. On September 23, 2025, Gastineau timely opposed. Dkt. 40.

## II.   Applicable Legal Standard

A motion to dismiss does not automatically stay discovery. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). But, under Federal Rule of Civil Procedure 26(c), a court has "considerable discretion" to stay discovery for good cause. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Factors relevant to whether good cause has been shown include: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted). The party seeking a stay bears the burden of demonstrating good cause. *Id.*

## III.   Discussion

All three of the above factors favor a stay here.

*First*, on the limited and preliminary review appropriate to evaluating a stay application, defendants have made a substantial showing that Gastineau's claims are unmeritorious. They move to dismiss Gastineau's claims against all defendants for failure to state a claim under Rule 12(b)(6); and his claims against Weiner and Rodgers (the "individual defendants") for lack of personal jurisdiction under Rule 12(b)(2), untimely service of process under Rule 12(b)(5), and failure to satisfy Rule 8. Dkt. 32 at 1.

As to the breach of contract claims, defendants argue that a written "Talent Agreement" between the parties precludes Gastineau's theories of material breach. *Id.* at 7–14. Gastineau offers competing interpretations of the contract's terms, including disputing that he there waived approval rights, *see* Dkt. 36 at 8–16, but his interpretations, on initial review, appear to conflict with the agreement's text. *See, e.g., L. Debenture Tr. Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) ("Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation, unless each is a 'reasonable' interpretation." (citation omitted)).

As to Gastineau's claims under New York Civil Rights Law §§ 50 and 51, defendants assert that he ceded certain rights under the talent agreement and, even if not, defendants are shielded from liability under the newsworthiness exception. *See* Dkt. 32 at 14–16. Gastineau's opposition does not meaningfully engage with these defenses. It mainly relies on unsupported assertions. *See* Dkt. 36 at 17–23.

As to Gastineau's claims for unfair competition and under the Lanham Act, defendants argue that the AC does not state a claim because Gastineau consented in writing to the use of his licensed identity. Dkt. 32 at 17–19. They also argue that the First Amendment shields them from the Lanham Act claim under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), *id.* at 19–20, and that the federal Copyright Act preempts Gastineau's state-law right of publicity and unfair competition claims, *id.* at 20–22. Gastineau's response largely repeats allegations from the AC, while appearing to misapply *Rogers*'s two-prong test. Dkt. 36 at 23–25. He does not address defendants' federal preemption argument.

As to Gastineau's claims against the individual defendants, defendants argue that Gastineau failed to serve them timely, and that the AC does not adequately allege personal

3

jurisdiction or facts supporting individual liability. Dkt. 32 at 22–25. Gastineau's response appears merely conclusory. Dkt. 36 at 27–28.

To be sure, these are preliminary assessments. But, relevant to the motion to stay discovery, defendants have made a strong initial showing that the AC's claims merit dismissal.

***Second***, the scope of anticipated discovery and the burdens it may present favor a stay. Discovery demands have not been promulgated, but defendants reasonably foresee that all four defendant groups will be obliged to respond to interrogatories and document-production demands, spanning the AC's varied claims, Dkt. 38 at 2, "drain[ing] the parties' resources" while the motion to dismiss pends, *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Gastineau does not respond other than to term the claim of burden "speculative." Dkt. 40 at 4. Particularly given the costly and time-consuming nature of modern electronic discovery in civil lawsuits like this that involving numerous custodians, this factor counsels a stay. Simply put, because the motion to dismiss has the capacity to prune substantially the volume of worthy discovery, such a stay may meaningfully conserve the parties' resources.

***Third***, Gastineau has not shown a significant risk of unfair prejudice from a stay keyed to the resolution of the motion to dismiss. Gastineau asserts that "[d]elaying discovery would hinder [his] ability to effectively prosecute his case and could lead to the loss of evidence over time." *Id.* That claim, however, is general and unsubstantiated. The Court does not credit it.

***Overall assessment***: All three factors favor a stay of discovery pending resolution of the motion to dismiss. Defendants have therefore shown good cause for the stay. *See, e.g., Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (granting stay of discovery pending motion to dismiss where all three factors favored stay); *Johnson v. New York Univ. Sch. of Educ.*, 205

F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *see also Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368 (same where defendants had "substantial arguments" for dismissal and plaintiffs would face no prejudice, despite discovery not being burdensome).

## CONCLUSION

For the reasons above, the Court grants defendants' motion for a stay of discovery pending their motion to dismiss.

The Clerk of Court is respectfully directed to terminate the motion at docket 38.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　*Paul A. Engelmayer*
　　　　　　　　　　　　　　　　　　　　　　　PAUL A. ENGELMAYER
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: September 24, 2025
　　　　New York, New York

5